**MARZZACCO INJURY LAW**
BY:   Christopher J. Marzzacco, Esquire
PA Supreme Court I.D. No. 78262
BY:   Jordan A. Marzzacco, Esquire
PA Supreme Court I.D. No. 320519
945 East Park Drive, Suite 103
Harrisburg, PA 17111
(717) 231-1640
cmarzzacco@klnivenlaw.com
jmarzzacco@klnivenlaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL SHOPE** | : | |
| **43 Park Circle Drive** | : | **NO. 2:26-cv-03477** |
| **Lancaster, PA 17603** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION – LAW** |
| | : | |
| **WESTFIELD INSURANCE** | : | |
| **1 Park Circle** | : | |
| **Westfield Center, OH 44251** | : | |
| | : | |
| **Defendant.** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW comes Plaintiff, Paul Shope, by and through his undersigned counsel, Christopher J. Marzzacco, Esquire and Jordan A. Marzzacco, Esquire, of Marzzacco Injury Law, and hereby aver the following in his Complaint against the above-named Defendant.

## PARTIES

1.     Plaintiff, Paul Shope, is an adult individual who currently resides at 43 Park Circle Drive, Lancaster, Lancaster County, Pennsylvania.

1

2. Westfield Insurance is an insurance company that transacts insurance business in the Commonwealth of Pennsylvania and is believed to have a principal office located at 1 Park Circle, Westfield Center, Medina County, Ohio.

**JURISDICTION & VENUE**

3. This Court has jurisdiction of this Action under 28 U.S.C. § 1332, as this matter is between citizens of different states and the matter in controversy exceeds the sum value of $75,000.00, exclusive of interests and costs.

4. Venue is appropriate in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 USC § 1391.

**FACTUAL BACKGROUND**

5. On or about May 20, 2023, Plaintiff was riding in a vehicle being driven by Wyvetta Bilz (hereinafter, "Ms. Bilz").

6. At all times material hereto, Ms. Bilz was the owner and operator of a 2016 Honda Accord bearing PA registration KBZ2628 (hereinafter, "Plaintiff's vehicle).

7. At all times material hereto, Plaintiff was insured by Defendant under policy WNP-3829162, issued under the Motor Vehicle Financial Responsibility Law of the Commonwealth of Pennsylvania (hereinafter, "MVFRL").

8.    The automobile insurance policy issued by Defendant included Underinsured Motorist coverage (hereinafter, "UIM") with limits of $300,000.00 per accident, with "stacking" selected, and two vehicles on the policy.

9.    The automobile insurance policy issued by Defendant was fully paid and in force on May 20, 2023, the date Plaintiff was injured by an underinsured motor vehicle operated by Sierra Szymanski (hereinafter, "the tortfeasor").

10.    At all times material hereto and specifically on May 20, 2023, the tortfeasor was the owner and operator of a 2013 Honda CRV bearing MD registration 7EP4645.

11.    On the date of this incident, a motor vehicle collision occurred between Plaintiff and the tortfeasor at the intersection of Connolly Road and Fallston Road, Fallston, Harford County, Maryland (hereinafter, the "subject intersection").

12.    Prior to the collision, Plaintiff's vehicle was traveling north on Maryland-152 approaching the subject intersection.

13.    Prior to the collision, the tortfeasor's vehicle was stopped at a stop sign on Connolly Road at the subject intersection.

14.    As Plaintiff's vehicle approached the subject intersection, the tortfeasor proceeded into the subject intersection in front of Plaintiff's vehicle without yielding to the right-of-way traffic, causing a collision with Plaintiff's vehicle.

15.    The aforesaid collision resulted from the negligence of the tortfeasor.

3

16.     As a direct and proximate result of the collision and underinsured tortfeasor's negligence, Plaintiff sustained severe and disabling injuries, including but not limited to, L2-L5 compression fractures and radiculopathy.

17.     As a direct and proximate result of the collision and underinsured tortfeasor's negligence, Plaintiff has suffered physical pain, emotional suffering, mental anguish and inconvenience, and he has suffered an impairment of his ability to enjoy life's pleasures, all of which will continue for an indefinite period of time in the future.

18.     As a direct and proximate result of the collision and underinsured tortfeasor's negligence, Plaintiff has been and will be obligated to receive and undergo medical attention and care and/or expend various sums of money and/or incur various expenses which are recoverable damages herein under the MVFRL and will be required to expend such sums and/or incur such expenses for an indefinite time in the future.

19.     At the time of the collision, the vehicle the tortfeasor was driving was insured by Geico Advantage Insurance Company and carried Bodily Injury coverage of $30,000.00 per person/$60,000.00 per accident.

20.     A claim was presented against the tortfeasor's motor vehicle insurance carrier, Geico Advantage Insurance Company, who issued the policy limits to Plaintiff.

21. At the time of the collision, Plaintiff's vehicle was insured by State Farm and carried UIM coverage of $50,000.00 per person/$100,00.00 per accident.

22. A claim was presented to State Farm, who issued the policy limits to Plaintiff.

23. Under the terms and conditions of Plaintiff's auto insurance policies in effect on the date of this incident, specifically the UIM coverage under said policies, Defendant is obligated to pay Plaintiff the amount of any and all underinsured damages he sustained in this incident.

24. Plaintiff demanded of Defendant payment of the full value of his injuries but, to date, Defendant has refused to pay Plaintiff the value of the recoverable damages under the insurance policy.

### <u>COUNT I – BREACH OF CONTRACT</u>
**<u>PLAINTIFF V. DEFENDANT</u>**

25. All prior paragraphs are incorporated herein as if set forth fully below.

26. Plaintiff Paul Shope has fully complied with the terms, conditions, and duties required under the terms of the insurance contract.

27. Defendant has breached the contract by failing to objectively and reasonably evaluate Plaintiff's underinsured motorist claim.

28. As Plaintiff's insurer, Defendant owes a fiduciary, contractual, and statutory obligation to provide UIM benefits where the payment of said benefits is

5

supported by licensed healthcare providers' medical records and supported by other evidence.

29.    For the reasons set forth above, Defendant has violated its obligations under the insurance contract it entered into with Plaintiffs.

30.    Plaintiff hereby demands a jury to all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Paul Shope respectfully requests that this Honorable Court enter a judgment in his favor, together with compensatory damages, costs of suit, attorneys' fees, interest, and other such relief as this Honorable Court deems just and proper.

Respectfully submitted,

**MARZZACCO INJURY LAW**

Date: May 21, 2026            BY:       */s/ Jordan A. Marzzacco*
Christopher J. Marzzacco, Esquire
Attorney I.D. No. 78262
Jordan A. Marzzacco, Esquire
Attorney I.D. No. 320519
945 E. Park Dr., Ste. 103
Harrisburg, PA 17111
(717) 231-1640
cmarzzacco@klnivenlaw.com
jmarzzacco@klnivenlaw.com
*Attorneys for Plaintiff*